Peter B. Mortenson, Esq.
Nevada Bar No. 5725
Darius Rafie, Esq.
Nevada State Bar No. 6465
Mortenson & Rafie, LLP
10781 W. Twain Ave.
Las Vegas, Nevada 89135
(702) 363-4190; Fax: (702) 363-4107
manager@nvlaw.us

Attorneys for Defendant and Cross Claimant
LAUGHLIN WATERCRAFT RENTALS, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMMY LYNCH as ADMINISTRATOR for the ESTATE of TAMMY LYNCH, and TOMMY LYNCH and APRIL BLACK, individually as heirs of Tammy Lynch,<br><br>                    Plaintiff,<br><br>        vs.<br><br>SAMIR ADRIAN HERNANDEZ, individual, LIZBETH BARRAGAN, individual, LAUGHLIN WATERCRAFT RENTALS, LLC; KABUL, INC., d/b/a FASTRIP PWC RENTALS; DARRYL PETER ALEXANDER JR., individual, and DOES 1-X; and ROE CORPORATIONS,<br><br>                    Defendants. | CASE NO. 2:21-CV-01981-JAD-DJA<br><br>**DEFENDANT LAUGHLIN WATERCRAFT RENTALS, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT AND CROSS-CLAIM AGAINST SAMIR ADRIAN HERNANDEZ, LIZBETH BARRAGAN, KABUL, INC. dba FASTRIP PWC RENTALS AND DARRYL PETER ALEXANDER, JR.**<br><br><br><br>COMPLAINT FILED: October 28, 2021 |

**DEFENDANT LAUGHLIN WATERCRAFT RENTALS, LLC'S**

**ANSWER TO COMPLAINT**

COMES NOW, Defendant LAUGHLIN WATERCRAFT RENTALS, LLC (hereinafter "Defendant") by and through its attorneys of record, MORTENSON & RAFIE, LLP, and hereby submits this Answer to Plaintiffs TOMMY LYNCH as ADMINISTRATOR for the ESTATE

of TAMMY LYNCH, and TOMMY LYNCH and APRIL BLACK, individually as heirs of Tammy Lynch's (hereinafter collectively "Plaintiffs") Complaint, on file herein, and answers, denies and alleges as follows:

Defendant denies generally each and every allegation of matter, fact, and thing against it contained in the Plaintiffs' Complaint, unless otherwise admitted or qualified, and the whole thereof, and each and every cause of action contained therein and further denies that Plaintiffs sustained damages in the sum or sums alleged or in any sum or at all by reason of any act, breach, or omission on the part of this answering Defendant.

## **INTRODUCTION**

1.      Answering the allegations contained in Paragraph 1 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

2.      Answering the allegations contained in Paragraph 2 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

3.      Answering the allegations contained in Paragraph 3 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

4.      Answering the allegations contained in Paragraph 4 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

5.      Answering the allegations contained in Paragraph 5 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

6.      Answering the allegations contained in Paragraph 6 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

7.      Answering the allegations contained in Paragraph 7 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

8.      Answering the allegations contained in Paragraph 8 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

## THE PARTIES

9.      Answering the allegations contained in Paragraph 9 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

10.      Answering the allegations contained in Paragraph 10 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

11.      Answering the allegations contained in Paragraph 11 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

12.      Answering the allegations contained in Paragraph 12 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

13.      Answering the allegations contained in Paragraph 13 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

14.      Answering the allegations contained in Paragraph 14 of Plaintiffs' Complaint, Defendant admits that it is a Nevada corporation and that its principal place of business is at 2900 S. Casino Dr., Laughlin, Nevada.

///

///

3

15.    Answering the allegations contained in Paragraph 15 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

16.    Answering the allegations contained in Paragraph 16 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

17.    Answering the allegations contained in Paragraph 17 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

18.    Answering the allegations contained in Paragraph 18 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

19.    Answering the allegations contained in Paragraph 19 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

20.    Answering the allegations contained in Paragraph 20 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

21.    Answering the allegations contained in Paragraph 21 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

22.    Answering the allegations contained in Paragraph 22 of Plaintiffs' Complaint, Defendant denies the allegations contained therein,

23.    Answering the allegations contained in Paragraph 23 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

///

///

///

**JURISDICTION AND VENUE**

24. Answering the allegations contained in Paragraph 24 of Plaintiffs' Complaint, Defendant admits the allegations contained therein.

25. Answering the allegations contained in Paragraph 25 of Plaintiffs' Complaint, Defendant admits the allegations contained therein.

26. Answering the allegations contained in Paragraph 26 of Plaintiffs' Complaint, Defendant admits the allegations contained therein.

27. Answering the allegations contained in Paragraph 27 Plaintiffs' Complaint, Defendant admits the allegations contained therein.

**GENERAL ALLEGATIONS**

28. Answering the allegations contained in Paragraph 28 of Plaintiff's Complaint, Defendant reasserts each Answer to each preceding Paragraph in the Complaint as if fully set forth herein.

29. Answering the allegations contained in Paragraph 29 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

30. Answering the allegations contained in Paragraph 30 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

31. Answering the allegations contained in Paragraph 31 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

32. Answering the allegations contained in Paragraph 32 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

///

///

33.     Answering the allegations contained in Paragraph 33 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

34.     Answering the allegations contained in Paragraph 34 of Plaintiffs' Complaint, Defendant denies the allegations as it pertains to Laughlin Watercraft Rentals.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies the same.

35.     Answering the allegations contained in Paragraph 35 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

36.     Answering the allegations contained in Paragraph 36 Plaintiffs' Complaint, Defendant admits the allegations contained therein.

37.     Answering the allegations contained in Paragraph 37 of Plaintiffs' Complaint, Defendant denies the allegations as it pertains to Laughlin Watercraft Rentals.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies the same.

38.     Answering the allegations contained in Paragraph 38 of Plaintiffs' Complaint, Defendant denies the allegations as it pertains to Laughlin Watercraft Rentals.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies the same.

39.     Answering the allegations contained in Paragraph 39 of Plaintiffs' Complaint, Defendant denies the allegations as it pertains to Laughlin Watercraft Rentals.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies the same.

40.     Answering the allegations contained in Paragraph 40 of Plaintiffs' Complaint, Defendant denies the allegations as it pertains to Laughlin Watercraft Rentals.  Defendant is without

///

knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies the same.

41.    Answering the allegations contained in Paragraph 41 of Plaintiffs' Complaint, Defendant denies the allegations as it pertains to Laughlin Watercraft Rentals.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies the same.

## **FIRST CAUSE OF ACTION**

### **(Negligence of Defendant Laughlin Watercraft Rentals)**

42.    Answering the allegations contained in Paragraph 42 of Plaintiff's Complaint, Defendant reasserts each Answer to each preceding Paragraph in the Complaint as if fully set forth herein.

43.    Answering the allegations contained in Paragraph 43 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

44.    Answering the allegations contained in Paragraph 44 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

45.    Answering the allegations contained in Paragraph 45 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

46.    Answering the allegations contained in Paragraph 46 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

47.    Answering the allegations contained in Paragraph 47 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

48.    Answering the allegations contained in Paragraph 48 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

49.    Answering the allegations contained in Paragraph 49 of Plaintiffs' Complaint, Defendant denies the allegations contained therein,

///

50.     Answering the allegations contained in Paragraph 50 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

51.     Answering the allegations contained in Paragraph 51 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

52.     Answering the allegations contained in Paragraph 52 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

53.     Answering the allegations contained in Paragraph 53 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

54.     Answering the allegations contained in Paragraph 54 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

55.     Answering the allegations contained in Paragraph 55 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

56.     Answering the allegations contained in Paragraph 56 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

57.     Answering the allegations contained in Paragraph 57 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

58.     Answering the allegations contained in Paragraph 58 of Plaintiffs' Complaint, Defendant denies the allegations contained therein,

59.     Answering the allegations contained in Paragraph 59 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

60.     Answering the allegations contained in Paragraph 60 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

61.     Answering the allegations contained in Paragraph 61 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

62.     Answering the allegations contained in Paragraph 62 of Plaintiffs' Complaint, Defendant denies the allegations contained therein,

///

8

63.     Answering the allegations contained in Paragraph 63 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

64.     Answering the allegations contained in Paragraph 64 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

65.     Answering the allegations contained in Paragraph 65 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

66.     Answering the allegations contained in Paragraph 66 of Plaintiffs' Complaint, Defendant denies the allegations contained therein,

67.     Answering the allegations contained in Paragraph 67 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

68.     Answering the allegations contained in Paragraph 68 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

69.     Answering the allegations contained in Paragraph 69 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

## SECOND CAUSE OF ACTION

### (Negligence of Defendant Fastrip PWC Rentals)

70.     Answering the allegations contained in Paragraph 70 of Plaintiff's Complaint, Defendant reasserts each Answer to each preceding Paragraph in the Complaint as if fully set forth herein.

71.     Answering the allegations contained in Paragraph 71 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

72.     Answering the allegations contained in Paragraph 72 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

///

///

9

73.     Answering the allegations contained in Paragraph 73 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

74.     Answering the allegations contained in Paragraph 74 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

75.     Answering the allegations contained in Paragraph 75 of Plaintiffs' Complaint, Defendant denies the allegations as it pertains to Laughlin Watercraft Rentals.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies the same.

76.     Answering the allegations contained in Paragraph 76 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

77.     Answering the allegations contained in Paragraph 77 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

78.     Answering the allegations contained in Paragraph 78 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

79.     Answering the allegations contained in Paragraph 79 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

80.     Answering the allegations contained in Paragraph 80 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

///

///

81.     Answering the allegations contained in Paragraph 81 of Plaintiffs' Complaint, Defendant denies the allegations as it pertains to Laughlin Watercraft Rentals.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies the same.

82.     Answering the allegations contained in Paragraph 82 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

83.     Answering the allegations contained in Paragraph 83 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

84.     Answering the allegations contained in Paragraph 84 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

85.     Answering the allegations contained in Paragraph 85 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

### **THIRD CAUSE OF ACTION**

**(Negligence and Intentional Conduct against Defendant SAMIAR ADRIAN HERNANDEZ)**

86.     Answering the allegations contained in Paragraph 86 of Plaintiffs' Complaint, Defendant reasserts each Answer to each preceding Paragraph in the Complaint as if fully set forth herein.

87.     Answering the allegations contained in Paragraph 87 of Plaintiffs' Complaint, Defendant admits the allegations contained therein.

88.     Answering the allegations contained in Paragraph 88 of Plaintiffs' Complaint, Defendant denies the allegations as it pertains to Laughlin Watercraft Rentals.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies the same.

89.     Answering the allegations contained in Paragraph 89 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

90.     Answering the allegations contained in Paragraph 90 of Plaintiffs' Complaint, Defendant denies the allegations as it pertains to Laughlin Watercraft Rentals.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies the same.

91.     Answering the allegations contained in Paragraph 91 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

92.     Answering the allegations contained in Paragraph 92 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

93.     Answering the allegations contained in Paragraph 93 of Plaintiffs' Complaint, Defendant denies the allegations as it pertains to Laughlin Watercraft Rentals.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies the same.

94.     Answering the allegations contained in Paragraph 94 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

95.     Answering the allegations contained in Paragraph 95 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

96.     Answering the allegations contained in Paragraph 96 of Plaintiffs' Complaint, Defendant denies the allegations as it pertains to Laughlin Watercraft Rentals.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies the same.

97.     Answering the allegations contained in Paragraph 97 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

98.     Answering the allegations contained in Paragraph 98 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

99.     Answering the allegations contained in Paragraph 99 of Plaintiffs' Complaint, Defendant denies the allegations as it pertains to Laughlin Watercraft Rentals.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies the same.

## FOURTH CAUSE OF ACTION

### (Negligence against Defendant LIZBETH BARRAGAN)

100.     Answering the allegations contained in Paragraph 86 of Plaintiffs' Complaint, Defendant reasserts each Answer to each preceding Paragraph in the Complaint as if fully set forth herein.

101.     Answering the allegations contained in Paragraph 101 of Plaintiffs' Complaint, Defendant admits the allegations contained therein.

102.     Answering the allegations contained in Paragraph 102 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

103.     Answering the allegations contained in Paragraph 103 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

104.     Answering the allegations contained in Paragraph 104 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

///

105.    Answering the allegations contained in Paragraph 105 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

106.    Answering the allegations contained in Paragraph 106 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

## FIFTH CAUSE OF ACTION

### (Negligence against Defendant DARRYL PETER ALEXANDER, JR.)

107.    Answering the allegations contained in Paragraph 107 of Plaintiffs' Complaint, Defendant reasserts each Answer to each preceding Paragraph in the Complaint as if fully set forth herein.

108.    Answering the allegations contained in Paragraph 108 of Plaintiffs' Complaint, Defendant admits the allegations contained therein.

109.    Answering the allegations contained in Paragraph 109 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

110.    Answering the allegations contained in Paragraph 110 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

111.    Answering the allegations contained in Paragraph 111 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

112.    Answering the allegations contained in Paragraph 112 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

///

///

14

113.     Answering the allegations contained in Paragraph 113 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

114.     Answering the allegations contained in Paragraph 114 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

115.     Answering the allegations contained in Paragraph 115 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

116.     Answering the allegations contained in Paragraph 116 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

117.     Answering the allegations contained in Paragraph 117 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

118.     Answering the allegations contained in Paragraph 118 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

119.     Answering the allegations contained in Paragraph 119 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

120.     Answering the allegations contained in Paragraph 120 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

///

///

///

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE:

This answering Defendant herewith places in issue the negligence, if any, of all persons which contributed in any degree to the happening of the incident alleged in the Plaintiffs' Complaint, and the degree that such negligence contributed to the incident and/or the injuries sustained, if any, as a result of said incident.

## SECOND AFFIRMATIVE DEFENSE:

At or about the time, date and place alleged in the Plaintiffs' Complaint, Plaintiff's decedent and other persons or parties failed to exercise ordinary care, and such failure was a contributing cause of the incident and/or injuries allegedly sustained in said incident. The trier of the fact is requested to determine the existence of such negligence and the degree that such negligence contributed to the incident and/or injuries.

## THIRD AFFIRMATIVE DEFENSE:

Defendant alleges that Plaintiff's decedent and others were negligent in and about the matters referred to in the Complaint, and that such negligence bars and/or diminishes Plaintiffs' recovery against this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE:

Defendant alleges that Plaintiffs' decedent assumed the risk of the matters referred to in the Complaint, that Plaintiffs' decedent knew and appreciated the nature of the risk, and that Plaintiffs' decedent voluntarily accepted the risk.

## FIFTH AFFIRMATIVE DEFENSE:

The event or incident referred to in the Complaint, and the alleged injuries and damages complained of, were caused in whole, or in part, by the negligent or intentional acts, conduct or omissions of third persons over whom this Defendant has no control or agency relationship.

## SIXTH AFFIRMATIVE DEFENSE:

Defendant alleges that the cause of action, if any, attempted to be stated and set forth in Plaintiffs' Complaint herein is barred by the relevant statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE:**

The Complaint does not state facts sufficient to constitute a cause of action.

**NINTH AFFIRMATIVE DEFENSE:**

The negligence, if any, of this answering Defendant was not a substantial factor in bringing about Plaintiffs' alleged injuries and, therefore, was not a contributing cause thereof, but was superseded by the negligence of others whose negligence was an independent, intervening and proximate cause of injury or damage suffered by Plaintiffs.

**TENTH AFFIRMATIVE DEFENSE:**

The filing and service of this Complaint is a bad faith action or tactic which is frivolous, entitling this answering Defendant to reasonable expenses, including attorney's fees from Plaintiffs and/or Plaintiffs' attorneys.

**ELEVENTH AFFIRMATIVE DEFENSE:**

Plaintiffs have failed and refused to mitigate her damages reasonably, and such failure to mitigate bars or diminishes any recovery against this answering Defendant.

**TWELFTH AFFIRMATIVE DEFENSE:**

This Answering Defendant alleges that Plaintiffs' Complaint and each claim therein is barred or reduced by Plaintiffs' express and implied assumption of the risk, as all of the risks and dangers involved in the undertaking which Plaintiffs' decedent was engaged in at the times and places alleged were open and obvious and well known to, understood and appreciated by Plaintiffs' decedent.  Plaintiffs' decedent knowingly, voluntarily and willingly undertook to encounter each of the risks and hazards referred to in the Complaint, and in each alleged cause of action, and this undertaking proximately caused and contributed to any alleged loss, injury or damages incurred by Plaintiffs' decedent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

That Plaintiffs damages are limited pursuant to, and by application of, the Limitation of Liability Act, 46 U.S.C. 30505, et. seq.

///

### FOURTEENTH AFFIRMATIVE DEFENSE

This Answering Defendant alleges all involved parties were adequately instructed advised and warned of all rules, any potential hazards and/or dangers associated with participating in the water activity referred to in the Complaint, and the other parties' own failure to take appropriate precautions and heed the provided warnings and instructions was the sole cause of Plaintiffs' injuries.

### FIFTEENTH AFFIRMATIVE DEFENSE

Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer to Plaintiffs' Complaint and, therefore, this answering Defendant reserve the right to amend his Answer to allege additional affirmative defenses if subsequent investigation so warrants.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint and the whole of it, fails to state facts sufficient to entitle Plaintiffs to an award of exemplary damages pursuant to NRS 42.005 and is, therefore subject to motion to dismiss and/or strike.

### SEVENTEENTH AFFIRMATIVE DEFENSE

This Answering Defendant asserts that Plaintiffs' Complaint does not state facts sufficient to constitute a claim for exemplary or punitive damages against Defendant as the imposition of such damages would be in direct violation of the Unites States Constitution and the Nevada State Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

This Answering Defendant did not know, nor should have known, that Samir Adrian Hernandez was going to operate the watercraft and was incompetent or unfit to operate a watercraft.

///

///

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiffs take nothing by virtue of their Complaint on file herein and that the same be dismissed with prejudice;

2.    For an award of reasonable attorney's fees and costs of suit incurred in the defense of this action; and

3.    For such other and further relief as this Honorable Court may deem just and proper in the premises.

**DEFENDANT/ CROSS-COMPLAINANT LAUGHLIN WATERCRAFT RENTALS, LLC'S  CROSS CLAIM AGAINST SAMIR ADRIAN HERNANDEZ, LIZBETH BARRAGAN, KABUL, INC. dba FASTRIP PWC RENTALS, AND DARRYL PETER ALEXANDER, JR.**

Defendant/ Cross-Claimant LAUGHLIN WATERCRAFT RENTALS, LLC, by and through its attorneys of record, MORTENSON & RAFIE, LLP. hereby complains and alleges as follows:

**FIRST CROSS-CLAIM**

**(Contribution)**

1.    That at all times alleged herein, Cross-Defendants SAMIR ADRIAN HERNANDEZ and LIZBETH BARRAGAN were residents of Los Angeles, California.

2.    That at all times alleged herein,  Cross-Defendants KABUL, INC. dba FASTRIP PWC RENTALS was an Arizona Corporation with a principal place of business in Bullhead City, Arizona.

3.    That at all times herein, Cross-Defendant  DARRYL PETER ALEXANDER, JR. was believed to be a resident of Nevada.

4.    That at all times herein, Cross-Defendants DOES 1 through 20, and ROE Business Entities 1 through 20, inclusive, were at all times herein relevant, residents, citizens, and domiciliary's of, or business entities conducting business within the State of Nevada or Arizona.

///

19

5.      This Cross-Claim arises for an alleged incident that occurred on the Colorado River on August 21, 2020. On that date, it is alleged that Plaintiffs decedent, TAMMY LYNCH, was involved in a watercraft incident when she was riding as a passenger on a watercraft which had been rented from Cross-Defendant KABUL, INC. dba FASTRIP PWC RENTALS and which was being operated by Cross-Defendant DARRYL PETER ALEXANDER. It is further alleged that the watercraft which TAMMY LYNCH was a passenger on was involved in an accident with another watercraft which had been rented by Cross-Defendant LIZBETH BARRAGAN from Cross-Claimant LAUGHLIN WATERCRAFT RENTALS, LLC. but was being operated by Cross-Defendant SAMIR ADRIAN HERNANDEZ.

6.      On or about October 28, 2021, Plaintiffs TOMMY LYNCH as ADMINISTRATOR for ESTATE OF TAMMY LYNCH, TOMMY LYNCH and APRIL BLACK, individually and as heirs of Tammy Lynch filed a Complaint in the United States District Court, District of Nevada, Case No. 2:21-CV-01981-JAD-DJA, for wrongful death/ negligence damages arising from the subject incident.

7.      Cross-Claimant is unaware of the true name and legal capacities of the Cross-Defendants sued herein as DOES 1 through 20 and  ROE Business Entities 1 through 20 and therefore sues said Cross-Defendants by such fictitious names. Cross-Claimant prays leave to insert said Cross-Defendants' true names and legal capacities when ascertained.

8.      That Cross-Claimant is informed and believes, and thereon alleges, that each of the Cross-Defendants designated herein as DOES 1 through 20 and ROE Business Entities 1 through 20 in some way are directly or vicariously responsible and liable for the events referred to herein and proximately caused the damages alleged.

9.      An actual controversy has arisen and now exists between Cross-Claimant and Cross-Defendants, and each of them. Cross-Claimant contends that it is in no way legally responsible for the injuries or damages alleged in Plaintiffs' Complaint or any other related action.

10.      Cross-Claimant further alleges that if, as a result of the matters alleged in Plaintiffs' Complaint, Cross-Claimant is held liable for any part of the claim asserted against it, Cross-

Defendants are liable to Cross-Claimant for any judgment rendered against it in this action as the damages alleged in the claims made by Plaintiffs against Cross-Claimant are the result of the acts and/or omissions of Cross-Defendants. Thus, Cross-Claimant is entitled to contribution from said Cross-Defendants pursuant to NRS 17.225, et. seq.

11.     That by reason of this action, it has been necessary for Defendant/ Cross-Claimant to incur costs and to retain an attorney to defend and prosecute this action on his behalf and that Defendant/ Cross-Claimant is therefore entitled to costs of suit and reasonable attorney's fees incurred.

## SECOND CROSS-CLAIM

### (Indemnity)

12.     Cross-Claimant hereby alleges and incorporates by reference all of the allegations previously set forth in paragraphs 1 through 11 as if set forth in full herein.

13.     That Cross-Defendants are liable to Cross-Claimant for any judgment rendered against him in this action as the damages alleged in the claims made by Plaintiffs against Cross-Claimant are the result of the acts and/ or omissions of Cross-Defendants.

14.     That in the event of any judgment for the Plaintiffs and against Defendant/ Cross-Claimant, said Cross-Claimant is entitled to indemnification for the full amount of said judgment from Cross-Defendants, and each of them.

15.     That by reason of this action, it has been necessary for Defendant/ Cross-Claimant to incur costs and to retain an attorney to defend and prosecute this action on his behalf and that Defendant/ Cross-Claimant is therefore entitled to costs of suit and reasonable attorney's fees incurred.

## PRAYER FOR RELIEF

WHEREFORE, Cross-Claimant prays for judgment as follows:

1.     For Judgment against Cross-Defendants for their pro-rata share and contribution for the amount of any judgment entered against Defendant/ Cross-Claimant and in favor of Plaintiffs;

///

2.      For contribution and/ or indemnification against all other parties whose negligence contributed to the happening of the claimed incident or alleged injuries of the Plaintiffs;

3.      For an award of attorneys' fees and costs of suit incurred by Defendant/ Cross-Claimant in the investigation and defense of Plaintiffs' claims and action and the instant Cross-Claim; and

4.      For such other and further relief as the court deems just and proper.

DATED this 7th day of January 2022.

MORTENSON & RAFIE

By:___/S/ **Peter B. Mortenson**_____

Peter B. Mortenson, Esq.
Nevada Bar No. 5725
Darius Rafie, Esq.
Nevada State Bar No. 6465
Richard R.K. Waltjen, Esq.
Nevada State Bar No. 13416
Mortenson & Rafie, LLP
10781 W. Twain Ave.
Las Vegas, Nevada 89135

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of MORTENSON & RAFIE, LLP and that on January 7, 2022, I caused the above and foregoing document, **DEFENDANT LAUGHLIN WATERCRAFT RENTALS, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT AND CROSS-CLAIM AGAINST SAMIR ADRIAN HERNANDEZ, LIZBETH BARRAGAN, KABUL, INC. dba FASTRIP PWC RENTALS AND DARRYL PETER ALEXANDER, JR.**, to be served as follows:

[X]   Pursuant to EDCR 8.05(a), EDCR 8.05(f), NRCP 5(b)(2)(D) and Administrative Order 14-2 captioned "In the Administrative Matter of Mandatory Electronic Service in the Eighth Judicial District Court," by mandatory electronic service through the Eighth Judicial District Court's electronic filing system.

[  ]   By placing same to be deposited for mailing in the United States Mail, enclosed in a sealed envelope upon which first class postage prepaid in Las Vegas, Nevada.

[  ]   Pursuant to EDCR 7.26, to be sent via facsimile, by duly executed consent for service by electronic means.

[  ]   By hand delivery to the attorney listed below:

To the address, email address, and/or facsimile number listed below:

| | |
|---|---|
| John B. Shook, Esq.<br>Shook & Stone, Chtd.<br>710 South Fourth Street<br>Las Vegas, Nevada 89101 | Attorneys for Plaintiffs TOMMY LYNCH, ESTATE OF TAMMY LYNCH, & APRIL BLACK<br>(702) 385-2220<br>johnshook@shookandstone.com |
| Michael A. Koning, Esq.<br>Nevada State Bar No. 280<br>Wolfe & Wyman LLP<br>6757 Spencer Street<br>Las Vegas, Nevada 89119 | Attorneys for Defendant KABUL, INC., d/b/a FASTRIP PWC RENTALS<br>(702) 476-0100<br>Fax: (702) 476-0101<br>makoning@ww.law |

/S/ *Felipe Villa Jr.*
_____
FELIPE VILLA JR.

23