**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Tommy Lynch as administrator for the estate of Tammy Lynch, and Tommy Lynch and April Black individually as heirs of Tammy Lynch,<br><br>Plaintiffs,<br><br>v.<br><br>Samir Adrian Hernandez, et al.,<br><br>Defendants. | Case No. 2:21-cv-01981-JAD-DJA<br><br>**Order** |

This is a wrongful death case arising out of a watercraft collision in which Plaintiff Tammy Lynch was killed. Plaintiffs Tommy Lynch—as the administrator of Tammy Lynch's estate and individually as her heir—and April Black—as Tammy Lynch's heir—sue Defendants Samir Adrian Hernandez; Lizbeth Barragan; Laughlin Watercraft Rentals LLC; Kabul, Inc.; and Darryl Peter Alexander for damages, asserting negligence and wrongful death. Plaintiffs move to extend the time for serving their complaint on Defendant Alexander—the operator of the watercraft on which Tammy Lynch was a passenger—explaining that they need time to further investigate and locate him. (ECF No. 13). In the alternative, Plaintiffs move to serve Alexander via publication. (*Id.*). No other Defendants have responded. Because Plaintiffs have demonstrated good cause to extend the deadline, the Court grants Plaintiffs' motion in part. The Court finds these matters properly resolved without a hearing. LR 78-1.

Plaintiffs explain that they first attempted to serve Alexander at the address listed on his driver's license which he used to rent the watercraft. (ECF No. 13 at 2). Alexander's mother answered the door, said Alexander did not live there, and explained that she was unwilling to provide further information. (*Id.*). To their motion, Plaintiffs also attached affidavits of due diligence in which they outlined various addresses and phone number associated with Alexander

that they found on search engines. (ECF No. 13-2). Attempts to serve Alexander at these addresses and contact him via these phone numbers, however, were unsuccessful. (*Id.*).

Under Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The court has broad discretion when determining whether to extend time for service of process. *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

The Court finds good cause to extend the time for service. The current deadline to serve all Defendants in this action is January 26, 2022. (ECF No. 13 at 2). Plaintiffs have preemptively moved to extend this deadline after experiencing difficulties finding and serving Alexander, demonstrating diligence in seeking to move the deadline. Plaintiffs have also demonstrated diligence in trying to find and serve Alexander, as outlined in their affidavit. The Court thus grants their motion to extend. Because the Court grants the motion to extend, it denies without prejudice the alternative relief—service by publication—that Plaintiffs seek. Should Plaintiffs still have difficulties locating Alexander, they may re-assert their motion for service by publication.

Finally, the Court also strikes Exhibits 1 and 2 to Plaintiffs' motion and orders Plaintiffs to re-file copies that comply with Local Rule IC 6-1. (ECF No. 13-1; ECF No. 13-2). Exhibit 1contains a copy of Alexander's driver's license depicting his address and date of birth. (ECF No. 13-1). Exhibit 2 includes various home addresses and Alexander's birthday. (ECF No. 13-2). This information is protected under Local Rule IC 6-1 from being filed on the docket in an unredacted form.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to extend time (ECF No. 13) is **granted in part** only regarding Plaintiffs' request to extend the deadline to serve Defendants. Plaintiffs' request in the alternative to serve Alexander via publication is **denied without**

1 **prejudice**.  The deadline for service is extended sixty days from the date of this order to
2 **Monday, March 21, 2022**.
3     **IT IS FURTHER ORDERED** that Exhibits 1 and 2 to Plaintiffs' motion (ECF No. 13-1;
4 ECF No. 13-2) are **stricken for noncompliance** under Local Rule IC 7-1.  Plaintiffs must refile
5 these exhibits in compliance with Local Rule IC 6-1.

7     DATED: January 19, 2022

    _____
    DANIEL J. ALBREGTS
    UNITED STATES MAGISTRATE JUDGE