LEONARD T. FINK, ESQ.
Nevada Bar No. 6296
MICHAEL T. McLOUGHLIN, ESQ.
Nevada Bar No. 12820
**SPRINGEL & FINK LLP**
9075 W. Diablo Drive, Suite 302
Las Vegas, Nevada  89148
Telephone:  (702) 804-0706
E-Mail:     *lfink@springelfink.com*
            *mmcloughlin@springelfink.com*

Attorneys for Defendant
*DARRYL PETER ALEXANDER*

**UNITED STATES DISTRICT COURT**
**STATE OF NEVADA**
***

| | |
|---|---|
| TOMMY LYNCH as ADMINISTRATOR for the ESTATE of TAMMY LYNCH, and TOMMY LYNCH and APRIL BLACK, individually as heirs of Tammy Lynch,<br><br>Plaintiffs,<br><br>vs.<br><br>SAMIR ADRIAN HERNANDEZ, individually, LIZBETH BARRAGAN, individually, LAUGHLIN WATERCRAFT RENTALS LLC; KABUL, INC., d/b/a FASTRIP PWC RENTALS; DARRYL PETER ALEXANDER, JR., individually, DOES I-X; and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.:  2:21-cv-01981-JAD-DJA<br><br>**DEFENDANT, DARRYL PETER ALEXANDER, JR.'S ANSWER TO PLAINTIFFS', TOMMY LYNCH AS ADMINISTRATOR FOR THE ESTATE OF TAMMY LYNCH, AND TOMMY LYNCH AND APRIL BLACK, INDIVIDUALLY AS HEIRS OF TAMMY LYNCH'S COMPLAINT** |

Defendant, DARRYL PETER ALEXANDER ("DEFENDANT"), by and through his counsel of record, the law firm of Springel & Fink LLP, submits his Answer to Plaintiffs', TOMMY LYNCH as ADMINISTRATOR for the ESTATE of TAMMY LYNCH, and TOMMY LYNCH and APRIL BLACK, individually as heirs of TAMMY LYNCH's ("PLAINTIFFS") Complaint.

**INTRODUCTION**

1.  Answering Paragraphs 1, 2, 3, 4, 5, 6, 7 and 8 of Plaintiffs' Complaint, Defendant states that he is without sufficient knowledge or information upon which to form a belief as to the truth or falsity

-1-

of the allegations contained therein, and upon said grounds, denies same.

## THE PARTIES

2.  Answering Paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19 of Plaintiffs' Complaint, Defendant states that he is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and upon said grounds, denies same.

3.  Answering Paragraphs 20, 21, 22 and 23 of Plaintiffs' Complaint, Defendant objects because these allegations call for legal conclusions. Without waiving said objections, Defendant states that he is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and upon said grounds, denies same.

## JURISDICTION AND VENUE

4.  Answering Paragraphs 24, 25, 26 and 27 of Plaintiffs' Complaint, Defendant objects because these allegations call for legal conclusions. Without waiving said objections, Defendant states that he is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and upon said grounds, denies same.

## GENERAL ALLEGATIONS

5.  Answering Paragraph 28 of Plaintiffs' Complaint, Defendant repeats and realleges his answers to Paragraphs 1 through 27, inclusive, of Plaintiffs' Complaint, and incorporates the same by reference as though fully set forth herein.

6.  Answering Paragraphs 29, 30, 31, 32, 33 and 34 of Plaintiffs' Complaint, Defendant states that he is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and upon said grounds, denies same.

7.  Answering Paragraphs 35, 36, 37, 38, 39, 40 and 41 of Plaintiffs' Complaint, Defendant objects because these allegations call for legal conclusions. Without waiving said objections, Defendant states that he is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and upon said grounds, denies same.

## FIRST CAUSE OF ACTION

**(Negligence of Defendant Laughlin Watercraft Rentals)**

8.  Answering Paragraphs 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59,

60, 61, 62, 63, 64, 65, 66, 67, 68 and 69 of Plaintiffs' Complaint, Defendant does not admit or deny because it does not appear as though these allegations are being made against this answering Defendant.

## SECOND CAUSE OF ACTION

**(Negligence of Defendant Fastrip PWC Rentals)**

9. Answering Paragraphs 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84 and 85 of Plaintiffs' Complaint, Defendant does not admit or deny because it does not appear as though these allegations are being made against this answering Defendant.

## THIRD CAUSE OF ACTION

**(Negligence and intentional conduct against Defendant SAMIAR ADRIAN HERNANDEZ)**

10. Answering Paragraphs 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98 and 99 of Plaintiffs' Complaint, Defendant does not admit or deny because it does not appear as though these allegations are being made against this answering Defendant.

## FOURTH CAUSE OF ACTION

**(Negligence against Defendant LIZBETH BARRAGAN)**

11. Answering Paragraphs 100, 101, 102, 103, 104, 105 and 106 of Plaintiffs' Complaint, Defendant does not admit or deny because it does not appear as though these allegations are being made against this answering Defendant.

## FIFTH CAUSE OF ACTION

**(Negligence against Defendant DARRYL PETER ALEXANDER, JR.)**

12. Answering Paragraph 107 of Plaintiffs' Complaint, Defendant repeats and realleges his answers to Paragraphs 1 through 106, inclusive, of Plaintiffs' Complaint, and incorporates the same by reference as though fully set forth herein.

13. Answering Paragraphs 108, 109, 110, 111, 112, 113, 115, 116, 117, 118, 119 and 120 of Plaintiffs' Complaint, Defendant objects because these allegations call for legal conclusions. Without waiving said objections, Defendant states that he is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and upon said grounds, denies same.

14. Answering Paragraph 114 of Plaintiffs' Complaint, Defendant states that he is without

sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and upon said grounds, denies same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. <u>Failure to State a Claim</u>. Plaintiffs' Complaint and each and every purported cause of action therein fails to state a claim for which relief can be granted against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. <u>Statute of Limitations</u>. Defendant alleges that the causes of action set forth in Plaintiffs' Complaint are barred by all applicable Nevada Statutes of Limitations and/or Repose.

### THIRD AFFIRMATIVE DEFENSE

3. <u>Failure to Mitigate</u>. Plaintiffs, though under a duty to do so, have failed and neglected to mitigate their alleged damages, said failure was the direct and proximate cause of any and all alleged damages and, therefore, Plaintiffs cannot recover against this answering Defendant, whether as alleged, or otherwise.

### FOURTH AFFIRMATIVE DEFENSE

4. <u>Contribution</u>. Defendant alleges that the damage suffered by Plaintiffs, if any, was the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than this answering Defendant, and that the liability of Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to Defendant.

### FIFTH AFFIRMATIVE DEFENSE

5. <u>Contributory Negligence</u>. Defendant is informed, believes and thereon alleges, that at all times mentioned herein, Plaintiffs were negligent, careless, reckless, and unlawfully conducted themselves as to directly and proximately contribute to the happening of the incident and the occurrence of the alleged damages. Said negligence bars either completely or partially the recovery sought by Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

6. <u>Estoppel</u>. Defendant is informed, believes and thereon alleges, that Plaintiffs engaged in conduct and/or activities with respect to the subject of Plaintiffs' Complaint, and by reason of said conduct

and/or activities Plaintiffs are estopped from asserting any claims for damages or seeking any other relief against this answering Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      <u>Waiver</u>. Defendant is informed, believes and thereon alleges, that Plaintiffs and other Defendants (other than this answering Defendant) have engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in Plaintiffs' Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      <u>Intervening and Superseding Causes</u>. Defendant is informed and believes, and thereon alleges, that the injuries and damages of which Plaintiffs complain, were proximately caused by or contributed to by the acts of other Defendants (other than this answering Defendant), persons and/or other entities, and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which complains, thus barring Plaintiffs from any recovery against this answering Defendant.

**NINTH AFFIRMATIVE DEFENSE**

9.      <u>Assumption of the Risk</u>. Defendant alleges that Plaintiffs expressly, voluntarily and knowingly assumed all risks about which she complains in Plaintiffs' Complaint and, therefore, are barred either totally or to the extent of said assumption from any damages.

**TENTH AFFIRMATIVE DEFENSE**

10.     <u>Active and Primary Liability</u>. Plaintiffs' conduct, as alleged in the principal action, and as described in Plaintiffs' Complaint, was such that any and all liability based thereon was active and primary in nature, so as to preclude any recovery sought in Plaintiffs' Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     <u>Laches</u>. Plaintiffs waited an unreasonable period of time before asserting such claims under the doctrine of laches.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     <u>Unclean Hands</u>. Plaintiffs are barred by the equitable doctrine of unclean hands from obtaining the relief requested.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. <u>Costs</u>. Defendant is informed and believes, and thereon alleges, that Plaintiffs' Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law, which warranted the filing of Plaintiffs' Complaint against this answering Defendant. Plaintiffs should therefore be responsible for all of Defendant's necessary and reasonable defense costs.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. <u>Conduct Was Justified</u>. The conduct of Defendant in regard to the matters alleged in Plaintiffs' Complaint were justified, and by reason of the foregoing, Plaintiffs are barred from any recovery against this answering Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. <u>Comparative Fault of Third-Parties</u>. Defendant is informed and believes, and thereon alleges, that the accident and the injuries, if any, allegedly suffered by Plaintiffs were proximately caused and contributed to by the negligence of third-parties (not Plaintiffs nor this answering Defendant), and that said third-parties failed to exercise reasonable care at and prior to the time of said damages, and by reason thereof any recovery by Plaintiffs against Defendant must be reduced by an amount equal to the proportionate fault of said third-parties.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. <u>Several Liability for Non-Economic Damages</u>. Plaintiffs' liability for the claims asserted by Plaintiffs is greater than the liability, if any, of Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. <u>Comparative Negligence of Plaintiffs/Decedent</u>. Decedent failed to exercise ordinary care on her own behalf, which negligence and carelessness were a proximate cause of some portion, up to and including the whole thereof, of the injuries and damages complained of in this action. Plaintiffs' recovery therefore against this answering Defendant should be barred or reduced according to principles of comparative negligence.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. <u>Implied Assumption of Risk</u>.  Prior to the event in which Decedent was allegedly injured as a result of Defendant's alleged negligence, Decedent, by her conduct, impliedly assumed the risk of a known and appreciated danger, and thus may not recover damages from Defendant for their injury.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. <u>Lack of Standing</u>. Defendant is informed and believes, and thereon alleges, that Plaintiffs herein lack standing to bring said action against Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. <u>Non-Joinder of Necessary Parties</u>. Plaintiffs have failed to join all parties necessary for full and final resolution of this lawsuit.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. <u>Not Legally Responsible for Does and Roes</u>. This answering Defendant is not legally responsible for the acts and/or omissions of those parties named as Defendant DOES and BLACK CORPORATIONS herein.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. This answering Defendant asserts that it did not act with any malice, oppression or in any extreme or outrageous manner such as to justify any award of punitive damages against it.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. <u>Reservation</u>. Defendant presently has insufficient knowledge or information on which to form a belief as to whether he may have any additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. Nevada's punitive damages statutes violate the Fourteenth Amendment of the United States Constitution, including the Due Process clause and Equal Protection clause, to the extent such statutes provide for unlimited recovery pursuant to the findings of State Farm Mutual Automobile Insurance Co. v. Campbell 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed. 2d 585 (2003). Further, the Nevada punitive damages

statutes are unconstitutional as they are vague and ambiguous, and therefore enforcement under same is contrary to the Nevada State Constitution and the United States Constitution.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. <u>Not Waiving Defenses</u>. Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as is fully set forth herein. In the event further investigation and/or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of Court to amend this Answer to specifically assert any such defenses. Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defenses.

**WHEREFORE, DEFENDANT prays:**

1. That Plaintiffs take nothing by way of their Complaint;
2. For costs and attorney's fees incurred in the defense of this action;
3. That if liability is assessed upon this answering Defendant, the liability attributed to Defendant be limited in direct proportion to the percentage of fault actually attributable to Defendant; and
4. For any such other and further relief as the Court deems just and proper.

DATED this <u>9th</u> day of June, 2023.

          SPRINGEL & FINK LLP

By: */s/Leonard T. Fink, Esq.*
      LEONARD T. FINK, ESQ.
      Nevada Bar No. 6296
      MICHAEL T. McLOUGHLIN, ESQ.
      Nevada Bar No. 12820
      9075 W. Diablo Drive, Suite 302
      Las Vegas, Nevada  89148

      Attorneys for Defendant,
      *DARRYL PETER ALEXANDER*

# CERTIFICATE OF SERVICE
<u>LYNCH, TOMMY V. SAMIT ADRIAN HERNANDEZ, ET AL.</u>
**Federal Court Case No. 2:21-cv-01981-ART-DJA**

STATE OF NEVADA      )
                     ) ss.
COUNTY OF CLARK      )

I, Alma Duarte, declare:

I am a resident of and employed in Clark County, Nevada. I am over the age of eighteen years and not a party to the within action. My business address is 9075 W. Diablo Drive, Suite 302, Las Vegas, Nevada, 89148.

On **June 9th, 2023**, I served the document described as **DEFENDANT, DARRYL PETER ALEXANDER, JR.'S ANSWER TO PLAINTIFFS', TOMMY LYNCH AS ADMINISTRATOR FOR THE ESTATE OF TAMMY LYNCH, AND TOMMY LYNCH AND APRIL BLACK, INDIVIDUALLY AS HEIRS OF TAMMY LYNCH'S COMPLAINT** on the following parties:

***SEE ELECTRONIC SERVICE LIST**

X   **VIA ELECTRONIC SERVICE:** by submitting the foregoing to the Court's E-filing System for Electronic Service upon the Court's Service List pursuant to EDCR 8. The copy of the document electronically served bears a notation of the date and time of service. The original document will be maintained with the document(s) served and be made available, upon reasonable notice, for inspection by counsel or the Court.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Alma Duarte*

An employee of Springel & Fink LLP