LEONARD T. FINK, ESQ.
Nevada Bar No. 6296
MICHAEL T. MCLOUGHLIN, ESQ.
Nevada Bar No. 12820
**SPRINGEL & FINK LLP**
9075 W. Diablo Drive, Suite 302
Las Vegas, Nevada  89148
Telephone:     (702) 804-0706
E-Mail:     *lfink@springelfink.com*
     *mmcloughlin@springelfink.com*

Attorneys for Defendant/Cross-Defendant,
*DARRYL PETER ALEXANDER*

**UNITED STATES DISTRICT COURT
STATE OF NEVADA**
***

| | |
|---|---|
| TOMMY LYNCH as ADMINISTRATOR for the ESTATE of TAMMY LYNCH, and TOMMY LYNCH and APRIL BLACK, individually as heirs of Tammy Lynch,<br><br>                    Plaintiffs,<br><br>vs.<br><br>SAMIR ADRIAN HERNANDEZ, individually, LIZBETH BARRAGAN, individually, LAUGHLIN WATERCRAFT RENTALS LLC; KABUL, INC., d/b/a FASTRIP PWC RENTALS; DARRYL PETER ALEXANDER, JR., individually, DOES I-X; and ROE CORPORATIONS I-X, inclusive,<br><br>                    Defendants. | Case No.:  2:21-cv-01981-JAD-DJA<br><br>**DEFENDANT/CROSS-DEFENDANT, DARRYL PETER ALEXANDER, JR.'S ANSWER TO CROSS-CLAIMANT, LAUGHLIN WATERCRAFT RENTALS LLC'S CROSS CLAIM** |
| LAUGHLIN WATERCRAFT RENTALS LLC; KABUL, INC., d/b/a FASTRIP PWC RENTALS<br><br>                    Cross-Claimant,<br><br>vs.<br><br>LAUGHLIN WATERCRAFT RENTALS LLC; KABUL, INC., d/b/a FASTRIP PWC RENTALS,<br><br>                    Cross-Defendants. | |

/ / /

/ / /

**DEFENDANT/CROSS-DEFENDANT, DARRYL PETER ALEXANDER, JR.'S ANSWER TO CROSS-CLAIMANT, LAUGHLIN WATERCRAFT RENTALS LLC'S CROSS CLAIM**

Defendant/Cross-Defendant, DARRYL PETER ALEXANDER ("ALEXANDER"), by and through his counsel of record, the law firm of Springel & Fink LLP, answers Plaintiff/Cross-Claimant LAUGHLIN WATERCRAFT RENTALS LLC's ("Cross Claimant") Cross Claim, Jr.as follows:

**FIRST CROSS CLAIM:**

**(Contribution)**

1. Answering Paragraphs 1, 2, 4, 5, 7, 9, and 11 of Cross Claimant's Cross Claim, Cross Defendant states that he is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and upon said grounds, denies same.

2. Answering Paragraphs 3 and 6 of Cross Claimant's Cross Claim, Cross Defendant admits.

3. Answering Paragraphs 8 and 10 of Cross Claimant's Cross Claim, Cross Defendant objects because these allegations call for legal conclusions. Without waiving said objections, Defendant states that it is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation contained therein, and upon said grounds, denies same.

**SECOND CROSS CLAIM:**

**(Indemnity)**

4. Answering Paragraph 12 of Cross Claimant's Cross Claim, Cross Defendant repeats and realleges his answers to Paragraphs 1 through 11, inclusive, of Cross Claimant's Cross Claim, and incorporates the same by reference as though fully set forth herein.

5. Answering Paragraphs 13 and 14 of Cross Claimant's Cross Claim, Cross Defendant objects because these allegations call for legal conclusions. Without waiving said objections, Defendant states that it is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation contained therein, and upon said grounds, denies same.

6. Answering Paragraph 15 of Cross Claimant's Cross Claim, Cross Defendant states that he is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and upon said grounds, denies same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.  <u>Failure to State a Claim</u>. Cross-Claimant's Cross-Claim and each and every purported cause of action therein, fail to state a claim for which relief can be granted against Cross-Defendant.

### SECOND AFFIRMATIVE DEFENSE

2.  <u>Statute of Limitations</u>. Cross-Defendant alleges that the causes of action set forth in Cross-Claimant's Cross-Claim are barred by all applicable Nevada Statutes of Limitations and/or Repose.

### THIRD AFFIRMATIVE DEFENSE

3.  <u>Failure to Mitigate</u>. Cross-Claimant, though under a duty to do so, has failed and neglected to mitigate its alleged damages and, therefore, cannot recover against Cross-Defendant, whether as alleged or otherwise.

### FOURTH AFFIRMATIVE DEFENSE

4.  <u>Contribution</u>. Cross-Defendant alleges that the damage suffered by Cross-Claimant, if any, was the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than Cross-Defendant, and that the liability of Cross-Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to Cross-Defendant.

### FIFTH AFFIRMATIVE DEFENSE

5.  <u>Contributory Negligence</u>. Cross-Defendant is informed, believes and thereon alleges that at all times mentioned herein, Cross-Claimant was negligent, careless, reckless and unlawfully conducted itself so as to directly and proximately contribute to the happening of the incident and the occurrence of the alleged damages. Said negligence bars either completely or partially the recovery sought by Cross-Claimant.

### SIXTH AFFIRMATIVE DEFENSE

6.  <u>Estoppel</u>. Cross-Defendant is informed, believes and thereon alleges that Cross-Claimant engaged in conduct and activities with respect to the subject of this Cross-Claim by reason of said activities and conduct are estopped from asserting any claims for damages or seeking any other relief against Cross-Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

7.    Waiver. Cross-Defendant is informed, believes and thereon alleges that Cross-Claimant and other Cross-Defendant has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in the Cross-Claim. Such activities include, but are not limited to, the belief that following the performance and services of Cross-Defendant, other Cross-Defendant and Cross-Claimant and their agents inspected and approved the condition of the subject property and work performed by Cross-Defendant, and agreed and approved that the subject property and work was satisfactory, thereby normally waiving any further claim for damages as alleged in the Cross-Claim.

**EIGHTH AFFIRMATIVE DEFENSE**

8.    Intervening Superseding Causes. Cross-Defendant is informed, believes and thereon alleges that the injuries and damages of which Cross-Claimant's complain were proximately caused by, or contributed to by, the acts of other Cross-Defendant, persons and/or other entities, and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which Cross-Claimant's complains thus barring Cross-Claimant from any recovery against Cross-Defendant.

**NINTH AFFIRMATIVE DEFENSE**

9.    Active and Primary Liability. Cross-Claimant's conduct, as alleged in the principal action, and as described in the Cross-Claim, was such that any and all liability based thereon was active and primary in nature so as to preclude any recovery sought in the Cross-Claim.

**TENTH AFFIRMATIVE DEFENSE**

10.    Unclean Hands. Cross-Claimant is barred by the equitable doctrine of unclean hands from obtaining the relief requested.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.    Costs. Cross-Defendant is informed, believes and thereon alleges that the Cross-Claim was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law, which warranted the filing of the Cross-Claim against Cross-Defendant. Cross-Claimant should therefore be responsible for all of Cross-Defendant's necessary and reasonable defense costs.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Reservation. Cross-Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have any additional, as yet unstated, affirmative defenses available. Cross-Defendant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

**THIREENTH AFFIRMATIVE DEFENSE**

13. Comparative Fault of Third Parties. Cross-Defendant is informed, believes and upon such information and belief, alleges that the accident and the injuries, if any, allegedly suffered by Cross-Claimant was proximately caused and contributed to by the negligence of third parties (*not the Cross-Claimant or Cross-Defendant*), and that said third parties failed to exercise reasonable care at and prior to the time of said damages, and by reason thereof, any recovery by Cross-Claimant against Cross-Defendant must be reduced by an amount equal to the proportionate fault of said third parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Non-Joinder of Necessary Parties. Cross-Claimant has failed to join all parties necessary for full and final resolution of this lawsuit.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Fault of Third Parties. Cross-Defendant is informed, believes and upon such information and belief alleges that the accident and the injuries, if any, allegedly suffered by Cross-Defendant's and/or Cross-Claimant was proximately caused and contributed to by the negligence of third parties (*not Cross-Claimant or Cross-Defendant*), and that said third parties failed to exercise reasonable care at and prior to the time of said damages, and that those parties' liability was greater than Cross-Defendant's, if any.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Failure to Defend. Cross-Claimant is not entitled to indemnification as a result of its failure to exercise Due Diligence and reasonable care in the defense of the underlying action.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Incorporation by Reference. Cross-Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Cross-

-5-

Defendant reserves the right to seek leave of Court to amend this Answer to specifically assert any such defenses. Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defenses.

**WHEREFORE, CROSS-DEFENDANT prays:**

1. That Cross-Claimant take nothing by way of its Cross-Claim;

2. For costs and attorney fees incurred in the defense of this action;

3. That if liability is assessed upon this answering Cross-Defendant, the liability attributed to Cross-Defendant be limited in direct proportion to the percentage of fault actually attributable to Cross-Defendant; and

4. For any such other and further relief as the Court deems just and proper.

DATED this 11th day of July, 2023.

SPRINGEL & FINK LLP

By: /s/ Leonard T. Fink, Esq.
LEONARD T. FINK, ESQ.
Nevada Bar No. 6296
MICHAEL T. MCLOUGHLIN, ESQ.
Nevada Bar No. 12820
9075 W. Diablo Drive, Suite 302
Las Vegas, Nevada 89148
Attorneys for Defendant/Cross-Defendant,
*DARRYL PETER ALEXANDER*

**CERTIFICATE OF SERVICE**
<u>LYNCH, TOMMY V. SAMIT ADRIAN HERNANDEZ, ET AL.</u>
**Federal Court Case No. 2:21-cv-01981-ART-DJA**

STATE OF NEVADA      )
                     ) ss.
COUNTY OF CLARK      )

I, Alma Duarte, declare:

I am a resident of and employed in Clark County, Nevada. I am over the age of eighteen years and not a party to the within action. My business address is 9075 W. Diablo Drive, Suite 302, Las Vegas, Nevada, 89148.

On **July 11, 2023**, I served the document described as **DEFENDANT/CROSS-DEFENDANT, DARRYL PETER ALEXANDER, JR.'S ANSWER TO CROSS-CLAIMANT, LAUGHLIN WATERCRAFT RENTALS LLC'S CROSS CLAIM** on the following parties:

*SEE ELECTRONIC SERVICE LIST*

<u>XX</u>  VIA ELECTRONIC SERVICE: by submitting the foregoing to the Court's E-filing System for Electronic Service upon the Court's Service List pursuant to EDCR 8. The copy of the document electronically served bears a notation of the date and time of service. The original document will be maintained with the document(s) served and be made available, upon reasonable notice, for inspection by counsel or the Court.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Alma Duarte*
_____
An employee of Springel & Fink LLP