Erik W. Fox, Esq.
Nevada State Bar No. 8804
WOLFE & WYMAN LLP
6757 Spencer Street
Las Vegas, NV 89119
Telephone: (702) 476-0100
Facsimile: (949) 475-9203
ewfox@ww.law

Attorneys for Defendant
KABUL, INC., d/b/a FASTRIP PWC RENTALS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TOMMY LYNCH as ADMINISTRATOR for the ESTATE of TAMMY LYNCH and TOMMY LYNCH and APRIL BLACK, individually as heirs of Tammy Lynch,<br><br>Plaintiffs,<br><br>v.<br><br>SAMIR ADRIAN HERNANDEZ, individually, LIZBETH BARRAGAN, individually, LAUGHLIN WATERCRAFT RENTALS LLC; KABUL, INC., d/b/a FASTRIP PWC RENTALS; DARRYL PETER ALEXANDER, JR., individually, DOES I-X; and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 2:21-cv-01981-ART-DJA<br><br>**DEFENDANT KABUL, INC., d/b/a FASTRIP PWC RENTALS' MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |

COMES NOW, Defendant KABUL, INC., d/b/a FASTRIP PWC RENTALS (hereinafter "KABUL"), by and through its counsel of record, WOLFE & WYMAN LLP, and hereby respectfully submits its Motion for Determination of Good Faith Settlement. Further, the parties respectfully request that the Court enter an order of dismissal of all past, present, and future claims of the Plaintiffs as against KABUL and DARRYL PETER ALEXANDER, JR., (hereinafter ALEXANDER) Defendants, with prejudice, with each party to pay its own fees and costs.

/ / /

1
**MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

4808343.1

This Motion is based on the following memorandum of points and authorities, all exhibits, declarations, the pleadings, and papers on file herein, and upon such oral and documentary evidence as may be presented at the time of hearing.

DATED: February 6, 2024                    WOLFE & WYMAN LLP


By: */s/ Erik W. Fox*
ERIK W. FOX, ESQ.
Nevada State Bar No. 8804
6757 Spencer St.
Las Vegas, NV 89119
Attorneys for Defendant
**KABUL, INC., D/B/A FASTRIP PWC RENTALS**

# DECLARATION OF ERIK W. FOX, ESQ. IN SUPPORT OF DEFENDANT KABUL, INC., D/B/A FASTRIP PWC RENTALS MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

I, Erik W. Fox, Esq., declare as follows:

1. I am an Attorney at the law firm of WOLFE & WYMAN LLP and am duly licensed to practice law in the State of Nevada and have been so licensed since 2004 and have been a licensed attorney since 2004.

2. I am competent to testify to the matters set forth in this Declaration and will do so if called upon.

3. I am an attorney of record representing Defendant KABUL in the subject lawsuit pending in the United States District Court, District of Nevada, known as Case Number Case No. 2:21-cv-01981-ART-DJA.

4. I make this Declaration in support of Defendant KABUL's Motion for Determination of Good Faith Settlement and terms pursuant to Nevada law.

5. This Motion is intended to resolve the matter between the Plaintiffs and KABUL and DARRYL PETER ALEXANDER, JR.

6. The Order Granting Stipulation with Prejudice for Dismissal between Plaintiffs TOMMY LYNCH as ADMINISTRATOR for the ESTATE of TAMMY LYNCH and TOMMY LYNCH and APRIL BLACK, individually as heirs of Tammy Lynch, and Defendants KABUL and ALEXANDER was entered by the Court on February 1, 2024, and is attached hereto as Exhibit A.

7. The remaining defendants are currently involved in settlement negotiations or are preparing for trial in this Action.

8. This Motion is not filed for the purpose of delay or any other reason. It is purely so that the matter can be concluded as to the KABUL, ALEXANDER, and Plaintiffs.

9. I certify that KABUL and ALEXANDER are consistent with the resolution amongst those parties, and make this Motion for the purposes of conclusion of this matter and for no other purposes.

10. I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

DATED this 6th day of February 2024

/s/ Erik W. Fox_____
Erik W. Fox

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Motion seeks an order of good faith settlement between KABUL, ALEXANDER, and Plaintiffs. This Motion excludes Defendants SAMIR ADRIAN HERNANDEZ, individually, LIZBETH BARRAGAN, individually, and LAUGHLIN WATERCRAFT RENTALS LLC.

For the reasons set forth herein, the parties to this motion respectfully request this Motion be granted as to the good faith of the settlement between the parties to this Motion.

## II. STATEMENT OF FACTS

The matter involves a fatal jet ski incident on the Laughlin River on August 21, 2020. Tammy Lynch was a passenger on a jet ski rented by Kabul to Defendant, Darryl Alexander. The jet ski that caused the injury was rented by Laughlin Watercraft Rentals ("LWR") to Defendant Barragan. She initially rented the LWR jet ski, and it was taken shortly after by Samir Hernandez, an acquaintance of Barrigan. Hernandez was trailing Alexander's jet ski after making a turn. Hernandez was not able to sufficiently stop in time, causing his jet ski to ride up onto the back of Lynch. She died hours later as a result.

Subsequently, Plaintiffs filed a complaint naming Samir Adrian Hernandez; Lizbeth Barragan; Laughlin Watercraft Rentals LLC; Kabul, Inc. d/b/a Fastrip PWC Rentals; and Darryl Peter Alexander. The following claims for relief were delineated in Plaintiffs' Complaint:

1. Negligence of Defendant Laughlin Watercraft Rentals;
2. Negligence of Defendant Fastrip PWC Rentals;
3. Negligence and intentional conduct against Defendant Samiar Adrian Hernandez;
4. Negligence against Defendant Lizbeth Barragan;
5. Negligence against Defendant Darryl Peter Alexander, Jr.;

Plaintiffs sought to recover general damages, damages for loss of income and earning capacity,

past and future to the heirs; special damages to the Estate for medical and funeral expenses; exemplary or punitive damages to the Estate; prejudgment interest, attorney's fees.

The Court is aware from the KABUL Motion for Summary Judgment (Dkt. 81), that KABUL asserted it was not responsible for the incident, based on the expert opinions and facts of the matter, as well as procedural/evidentiary concerns.

The Plaintiffs, KABUL and ALEXANDER consent to the filing of this motion, based upon the confidentiality provisions of the Settlement Agreements.

### III. THE SETTLEMENT

Settlements were reached as follows:

1. Plaintiffs TOMMY LYNCH as ADMINISTRATOR for the ESTATE of TAMMY LYNCH and TOMMY LYNCH and APRIL BLACK, individually as heirs of Tammy Lynch, on one hand and KABUL on the other, in the amount of Eight Hundred Fifty Thousand Dollars ($850,000) paid by KABUL.

The Nevada Supreme Court has stated that a determination of good faith is within the discretion of this Court. *Velsicol Chemical Corp. v. Davidson*, 107 Nev. 356, 360, 811 P.2d 561, 563 (1991). In that decision, the Court stated that a determination of good faith will be up to the trial court's discretion and should not be disturbed absent an abuse of that discretion. The Nevada Supreme Court, in *The Doctors Company v. Robert L. Vincent*, 120 Nev. 644, 651-652, 98 P.3d 681, 686 (2004), has additionally stated that this Court may consider the factors outlined in *In Re MGM Grand Hotel Fire Litigation*, 570 F.Supp. 913 (D.Nev. 1983). The factors specifically enumerated included: (a) the amount paid in settlement; (b) the allocation of the settlement proceeds among plaintiffs; (c) the insurance policy limits of settling defendants; (d) The financial condition of settling defendants; and (e) the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants. *Id*. Upon walking through each of the outlined factors, it is clear the settlement in this

case was reached in good faith.

### a. **Amount Paid in Settlement**

The amount of $850,000.00 was paid Admiral Insurance Company on behalf of Kabul pursuant to a mediation.

### b. **Allocation of the Settlement Proceeds Among Plaintiffs**

TOMMY LYNCH as ADMINISTRATOR for the ESTATE of TAMMY LYNCH and TOMMY LYNCH and APRIL BLACK, individually as heirs of Tammy Lynch, were and are the sole Plaintiffs in this matter and collectively received the total settlement payment sum. Because there are remaining Defendants in the matter, this motion was necessary, including Defendant Laughlin Watercraft.

### c. **The Insurance Policy Limits**

The insurance policy limits for Kabul, was $1 million.

### d. **Financial Condition of Settling Defendants**

The Financial Condition of Kabul was not a factor in the Settlement with Plaintiffs.

### e. **Impact on Non-Settling Defendants**

Upon information and belief, Defendant Laughlin Watercraft, participated in the same mediation wherein the settlement discussed in this Motion was achieved.

### IV. **The Good Faith Settlement**

Based upon the foregoing, KABUL and ALEXANDER respectfully requests that this Honorable Court enter an Order as follows:

1. Certifying that the settlement as set forth above in the amount of $850,000.00 between Plaintiffs and KABUL and ALEXANDER is just, fair, reasonable and was entered into in good faith; and

//

//

2. Barring any and all current or future claims against KABUL and ALEXANDER for contribution or equitable indemnity based on those facts, injuries, and claims giving rise to this litigation, pursuant to NRS § 17.245.

DATED: February 6, 2024    WOLFE & WYMAN LLP

By: */s/ Erik W. Fox*
ERIK W. FOX, ESQ.
Nevada State Bar No. 8804
6757 Spencer St.
Las Vegas, NV 89119
***Attorneys for Defendant***
***KABUL, INC., D/B/A FASTRIP PWC RENTALS***

# CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on the 6th day of February 2024, the foregoing **DEFENDANT KABUL, INC., d/b/a FASTRIP PWC RENTALS' MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** was served through the Court's Electronic File/Service Program to:

All parties on the E-Service List

*/s/ Doris Ligat*
**An employee of WOLFE & WYMAN LLP**

8
**MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**
4808343.1