# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Tommy Lynch as Administrator for the Estate of Tammy Lynch; and Tommy Lynch and April Black, individually as heirs of Tammy Lynch,<br><br>Plaintiffs,<br><br>v.<br><br>Samir Adrian Hernandez, individually; Lizbeth Barragan, individually; Laughlin Watercraft Rentals, LLC, individually; et al.,<br><br>Defendants. | Case No. 2:21-cv-01981-ART-DJA<br><br>**Order** |

This civil action arises out of Tammy Lynch's death following a jet ski collision. Defendant Lizbeth Barragan rented the jet ski that caused the collision from Defendant Laughlin Watercraft Rentals, LLC ("LWR") and then allowed Defendant Samir Adrian Hernandez—who was under the influence of cocaine and alcohol—to operate it. Hernandez collided with another jet ski on which Tammy was a passenger, resulting in her death.

Plaintiffs brought the instant case on October 28, 2021. On June 10, 2022, LWR initiated a separate case by filing a Complaint for Exoneration from or Limitation of Liability ("LOLA Complaint"). *See In re Complaint of Laughlin Watercraft Rentals, LLC*, No. 2:22-cv-00940-ART-DJA at ECF No. 1. The LOLA Complaint invoked the Shipowners Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* and asked the Court to find that, because LWR maintained the jet ski in a reasonable manner and did not give Barragan permission to lend the jet ski to Hernandez, LWR is exonerated from liability. This case and the *In re Complaint of Laughlin Watercraft Rentals, LLC* case were consolidated on July 26, 2022.

Plaintiffs now move on an emergency basis to reopen discovery and extend the dispositive motion deadline. (ECF No. 119). They argue that their conversations with LWR's prior counsel

led them to believe that LWR had withdrawn its LOLA Complaint and that, when LWR raised exoneration as a defense in its motion for summary judgment, Plaintiffs were caught by surprise. (*Id.* at 3-7). Plaintiffs assert that, based on their belief that the LOLA Complaint was withdrawn, they had decided not to pursue the depositions of Bill Treese—LWR's registered agent—and his wife, Christina Treese. (*Id.*). Plaintiffs ask the Court to reopen discovery so that they may depose Chrstina and/or Bill and ask the Court to extend the dispositive motion deadline so that they may move for summary judgment on the exoneration issue.[1] (*Id.* at 15).

LWR responds and points out that withdrawing its LOLA Complaint[2] did not impact its ability to raise an exoneration defense because LWR raised it as an affirmative defense in answering Plaintiffs' complaint. (ECF No. 123 at 7-9). LWR does not oppose Plaintiffs' request to extend discovery and points out that the parties recently stipulated to an extension of deadlines that accommodates Plaintiffs' wish to address LWR's exoneration defense in summary judgment. (*Id.* at 4, 7). LWR's counsel notes that "Plaintiffs' counsel has affirmed to me that they now wish to depose Stan Jablonski,[3] not Bill or Christina Treese as they stated in their motion," which change LWR does not oppose. (*Id.* at 3). LWR asks the Court, however, to limit the scope of the depositions to LWR's LOLA defenses and, specifically, the Honorable District Judge Anne R. Traum's prior ruling on that issue. (*Id.* at 7).

Plaintiffs reply and object to LWR's attempt to limit the deposition topics and to limit Plaintiffs to only deposing "one owner and/or former owner of Defendant LWR"—Jablonski. (ECF No. 125 at 3). Plaintiffs assert that they "are specifically asking the opportunity to depose the owner, and/or owners of Defendant LWR at the time of the subject incident who had

---

[1] Plaintiffs also argue that LWR is judicially estopped from asserting an exoneration defense, which argument LWR opposes in response. These arguments are better brought through the parties' dispositive motion practice and not through the instant emergency motion to reopen discovery. The Court declines to address them here and issues no finding one way or the other regarding judicial estoppel.

[2] LWR filed a notice of withdrawal of its LOLA Complaint on November 1, 2024. (ECF No. 122).

[3] Jablonski is LWR's former owner.

knowledge, or a lack thereof, of Defendant LWR's rental process including the safety instructions provided in said rental process of the subject jet[]ski." (*Id.* at 5). Plaintiffs reiterate their desire to file a new motion for summary judgment in their reply. (*Id.* at 7).

I.   **Discussion.**

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. On the other hand, a request for relief from a case management deadline that has already passed requires an additional showing of excusable neglect. *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017) (addressing former Local Rule 26-4); *see also* Local Rule 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765.

Here, the Court finds that Plaintiffs have shown good cause and excusable neglect to reopen the discovery deadline for the limited purpose of taking depositions relevant to LWR's exoneration argument. The Court declines to set limits on the scope of those depositions or dictate who the proper deponent or deponents may be. This is because the parties' arguments on these issues arose primarily in response and reply briefs and did not address Federal Rule of Civil Procedure 26(b). Instead, the Court will direct the parties to meet and confer on the issue of who to depose and the scope of those depositions.

The Court also finds that Plaintiffs have shown good cause and excusable neglect to reopen the dispositive motion deadline. Although LWR points out that the parties have stipulated to extend certain briefing schedules, that stipulation does not reopen the deadline to submit any new dispositive motions as Plaintiffs have requested in their emergency motion. So, the Court reopens this deadline as well.

**IT IS THEREFORE ORDERED** that Plaintiffs' emergency motion to reopen the discovery and dispositive motions deadlines (ECF No. 119) is **granted in part and denied in part.** It is granted in part regarding Plaintiffs' request that the Court reopen the discovery

deadline for them to conduct depositions and their request that the Court reopen the dispositive motions deadline. It is denied in all other respects.

**IT IS FURTHER ORDERED** that Plaintiffs shall have until **December 9, 2024** to complete limited discovery. The dispositive motion deadline shall be **January 8, 2025.**

DATED: November 7, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE